|  |  |
|---|---|
| TERRY L ERICKSON )<br>Plaintiff )<br>)<br>v. )<br>)<br>SERGIO & BANKS )<br> DBA: ROSELLE STATION APTS )<br>VILLAGE OF ROSELLE ILLINOIS )<br> Defendant ) | **United States District Court**<br>**Northern District of Illinois**<br><br>1:22-cv-00104<br>Judge Gary Feinerman<br>Magistrate Judge Jeffrey Cole<br>RANDOM |

## COMPLAINT

**FILED**

**JAN 07 2022**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Complaint summary:

   The Plaintiff has been greatly inconvenienced and forced into extremely unsafe conditions by the combined actions and lack of actions by both of the Defendants.

   A portion of the sidewalk close to 700 East Irving Park Road (in Roselle, Illinois, 60172) was removed sometime prior to November 5 2021 apparently for some type of utility work by order of the "development company for the Roselle Station Apartments" (Sergio & Banks). As of January 6 2022 (the final edit of this document), the sidewalk has been unavailable for AT LEAST 63 DAYS with NO ALTERNATE ROUTE as is required by the Americans With Disabilities Act (ADA). Although the work was completed in early December, the sidewalk has not been returned for pedestrian usage.

Complaint against:

   Sergio & Banks, DBA: Roselle Station Apartments:
      See attached: Complaint against Sergio & Banks

   Village Of Roselle Illinois:
      See attached: Complaint against the Village Of Roselle

Events:
      See attached: Events

Evidence:
      See attached: Evidence

Restitution demanded from:

   Sergio & Banks, DBA Roselle Station Apartments:
      See attached: Restitution from Sergio & Banks

   Village Of Roselle Illinois:
      See attached: Restitution from Village Of Roselle Illinois

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Complaint against Sergio & Banks:

This complaint is based upon rules of:
ADA 42 U.S.C 12188 Title 40
AND
Village Of Roselle Illinois ordinances:
  Sec. 18-17. Deposits on sidewalks
  Sec. 18-22. Penalty for violation of Sec. 18-17

Sergio & Banks (DBA: Roselle Station Apartments) authorized work on a segment of public sidewalk near 700 East Irving Park Road in Roselle, Illinois, 60172. That work included the removal of access to a portion of that public sidewalk AND destruction of a portion of public sidewalk WITHOUT providing any type of ADA compliant accessible access route around the work site. This has resulted in unsafe travel for the Plaintiff where a public sidewalk used to be available for safer travel. The terrain around the work area has many obstacles, including (but not limited to): tree roots just above ground level, poles, uneven terrain, dirt areas which become mud during rainfall, and street curbs. NOT providing an accessible alternate route has exposed the Plaintiff to all of these obstacles when forced to navigate around the work site.

Due to the excessive length of time of blockage, recent snowfall has covered the ground terrain obstacles, making it even MORE DANGEROUS to 'go around' the blocked off sidewalk.

They failed to complete the project in a reasonable timeframe or even a promised timeframe. Thus sidewalk access was/is removed for far longer than needed which is greatly disrespectful to both disabled travelers and all other pedestrians as well.

They also failed to maintain proper work area barriers during the span of the project. This has presented an unsafe situation to not prevent travel into the work area as well as unsafe hazards outside of the work area where materials exist (such as tipped over cones and unattached fencing on the ground, hidden during snow cover).

They failed to post ANY construction company information onsite so they could be contacted in case of emergency or to report any issues with the project. It is unclear if a permit was required for the project or if one had been obtained.

They failed to remove the barriers for an extended period, even after the project was (said to be) completed during the second week of December 2021. As of January 6 2022, the fencing is still blocking access to the sidewalk segment.

This is the THIRD time these sidewalk areas have been disrupted by this developer for excessive timeframes, the first two occurred during the construction of the complex. So this is a repeat offense. I have photo evidence of prior offenses between 10/21/2019 and 2/4/2020, including this exact same segment of sidewalk being inaccessible for about two months at that time.

Complaint against the Village Of Roselle Illinois:

This complaint is based upon rules of:
ADA 42 U.S.C 12188 Title 40
AND
Village Of Roselle Illinois ordinances:
  Sec. 18-17. Deposits on sidewalks
  Sec. 18-22. Penalty for violation of Sec. 18-17

The Village Of Roselle Illinois failed to require an ADA compliant alternate access route around this work area which is within the Roselle city limits.

The Village Of Roselle Illinois failed to provide the Plaintiff with construction company information, which was requested multiple times. Thus the Plaintiff was unable to directly contact the responsible parties to secure an alternate access route or a reasonable project conclusion. The Village Of Roselle failed to provide that information to the Plaintiff even after they stated it was available.

The Village Of Roselle Illinois failed to follow up on project progress and enforce the city ordinances penalty once the project extended beyond the promised completion timeframe. This lack of enforcement allowed the sidewalk to be inaccessible beyond any reasonable timeframe after the stated project completion date. This INCLUDES a period of snowfall which covered several obstacles around the work site and made travel around the site even more unsafe.

This being the THIRD time this company has removed sidewalk access in the area for an extended time (at least 2 months each) having a negative impact on the Plaintiff as well as other city residents. The Village Of Roselle Illinois has been made aware of these incidents by the Plaintiff as they were occurring. And the current Village Administration and Public Works department was made aware of the previous inappropriate activity when this new incident started, yet still failed to do anything useful to avoid a repeat performance, which is EXACTLY what has happened!

Events:

| Date | Event |
|---|---|
| 11/ 5/2021 | Plaintiff witnessed the sidewalk blockage. |
| 11/ 7/2021 | First photos taken |
| 11/ 8/2021 | Plaintiff conversation with Roselle Public Works during the Roselle Village Board Meeting about the sidewalk blockage with no alternate access. |
| 11/17/2021 | Plaintiff email to Roselle Public Works. Request for information on construction company contact since work site seems to be inactive. |
| 11/23/2021 | Photos |
| 11/30/2021 | Roselle Public Works email to Plaintiff states his email went to spam folder and a reply is coming soon. |
| 12/ 1/2021 | Roselle Public Works email to Plaintiff states that the sidewalk repairs will be "done this week" and sidewalk access will be restored next week after suitable cure time. |
| 12/ 1/2021 | Plaintiff voicemail reply to Roselle Public Works email again requesting company information and work activity. No reply since then. |
| 12/ 2/2021 | Roselle Administrator Brian Joanis voicemail to Plaintiff states they have the information requested and will provide it to me. Despite at least two 'in person' interactions since then, No useful information has actually been received. |
| 12/ 6/2021 | Plaintiff voicemail reply to Brian Joanis. A meet with Public Works is not needed, I just want the contact information and some enforcement of city ordinances and ADA compliance. |
| 12/13/2021 | Just prior to the Village Board Meeting, Brian Joanis states to Plaintiff, "We can talk after the meeting". Despite being available after the meeting, no interaction actually happened. |
| 12/17/2021 | Plaintiff voicemail to Brian Joanis to express my continued displeasure on sidewalk blockage. No reply since. |
| 12/17/2021 | Photos |
| 12/21/2021 | Photos |
| 12/21/2021 | Short chat between Plaintiff and Brian Joanis at Village Hall to voice my continued displeasure. Information on company still not provided to me. |
| 12/23/2021 | Photos |
| 12/24/2021 | Photos |
| 12/27/2021 | Photos |
| 12/27/2021 | Since over 50 days (17 since promised completion) of time, I spent over 6 hours of research to pursue a legal resolution. It appears that the Roselle Station Apartments is managed by Sergio And Banks. Two listed agents contacts are from their Northwest Office. |
| 12/28/2021 | Photos |
| 12/28/2021 | Started pursuit of legal process filing. |
| 12/28/2021 | Photos showing snow to prove date of photo. |
| 12/31/2021 | Photos |
| 1/ 3/2022 | Photos, footprints in snow indicate sidewalk usage. |
| 1/ 4/2022 | Photos, shows how inaccessible the site is |
| 1/ 6/2022 | Photos, shows how the snow covers ground obstacles |
| 1/ 7/2022 | Attempt to file the lawsuit in Federal court. |

Evidence:

Image files and email content can be provided to the court to allow for better viewing if requested.

Emails:

| | | |
|---|---|---|
| 11/17/2021 | 13:02 | Email to: Karen Young, Roselle Public Works |
| 11/30/2021 | 17:33 | Email from: Young, Karen |
| 12/ 1/2021 | 10:43 | Email from: Kristin Mehl |

Images:

| | | |
|---|---|---|
| 2021-11-07 | 12:27 | IMG_20211107_122706732_HDR.jpg |
| 2021-11-07 | 12:27 | IMG_20211107_122731401_HDR.jpg |
| 2021-11-23 | 10:29 | IMG_20211123_102958968_HDR.jpg |
| 2021-11-23 | 10:30 | IMG_20211123_103009466_HDR.jpg |
| 2021-11-23 | 10:30 | IMG_20211123_103026610_HDR.jpg |
| 2021-12-17 | 03:40 | IMG_20211217_034038897.jpg |
| 2021-12-17 | 03:41 | IMG_20211217_034120364.jpg |
| 2021-12-21 | 09:09 | IMG_20211221_090941199.jpg |
| 2021-12-21 | 09:10 | IMG_20211221_091006057_HDR.jpg |
| 2021-12-23 | 03:39 | IMG_20211223_033921764.jpg |
| 2021-12-23 | 03:39 | IMG_20211223_033958310.jpg |
| 2021-12-23 | 03:40 | IMG_20211223_034034333.jpg |
| 2021-12-24 | 10:10 | IMG_20211224_101012701.jpg |
| 2021-12-27 | 07:29 | IMG_20211227_072926109.jpg |
| 2021-12-27 | 07:29 | IMG_20211227_072949410.jpg |
| 2021-12-27 | 07:30 | IMG_20211227_073016764.jpg |
| 2021-12-27 | 07:30 | IMG_20211227_073019890.jpg |
| 2021-12-28 | 08:06 | IMG_20211228_080604295.jpg |
| 2021-12-28 | 08:06 | IMG_20211228_080637994.jpg |
| 2021-12-28 | 13:33 | IMG_20211228_133340921_HDR.jpg |
| 2021-12-28 | 13:34 | IMG_20211228_133418307.jpg |
| 2021-12-31 | 15:42 | IMG_20211231_154211957.jpg |
| 2021-12-31 | 15:42 | IMG_20211231_154236500.jpg |
| 2022-01-03 | 06:57 | IMG_20220103_065758883.jpg |
| 2022-01-03 | 06:58 | IMG_20220103_065836087.jpg |
| 2022-01-03 | 06:59 | IMG_20220103_065904224.jpg |
| 2022-01-03 | 07:00 | IMG_20220103_070013193.jpg |
| 2022-01-04 | 16:48 | IMG_20220104_164849494.jpg |
| 2022-01-04 | 16:49 | IMG_20220104_164917351.jpg |
| 2022-01-06 | 11:49 | IMG_20220106_114907308_HDR.jpg |
| 2022-01-06 | 11:49 | IMG_20220106_114935683_HDR.jpg |

Restitution:

  The Plaintiff has been GROSSLY DISRESPECTED and exposed to unsafe travel conditions by BOTH of the Defendants by allowing the sidewalk access to be blocked for an UNREASONABLE TIMEFRAME, with barriers remaining even AFTER the work was apparently completed. No legal action nor restitution would have been needed if the work was done in an appropriate manner with a reasonable timeframe and a useful alternate accessible route had been provided. Since it is impossible to change the past, the Plaintiff requests that the Defendants provide the following restitution as an alternate to the problems they have caused or allowed with their complete disregard for any ADA requirements AND pedestrian consideration.


Restitution helps to cover:
   Plaintiffs actual court costs.
   Time and physical strain dealing with the inaccessible sidewalk.
   Time and emotional aggravation of uncooperative/unresponsive Roselle government to help solve this.
   Time and effort for evidence preparation such as taking photos, documenting them, and costs of printing.
   Time and effort into research and preparation for the court action, including many hours of research to find material which could have been easily provided to me by the Village Of Roselle.
   Reinbursement for travel time and expenses for Roselle government and Federal court activity.



Restitution from Sergio & Banks:
  Sergio & Banks, DBA Roselle Station Apartments

1: Pay all Plaintiff court costs, $420 as of January 7 2020 and to include all future court costs directly related to this case.

2: Pay all Plaintiff travel expenses related to the process of court filing research and court activity in the amount of $75 as of January 6 2022. And pay all travel expenses during all future court activity directly related to this case.

3: Pay to the Plaintiff $100 per day from December 10 2021 to the latter date of January 7 2021 or the date of sidewalk access restoration. This is a greatly reduced value of the limit of $500 per day penalty allowed by the Roselle Ordinance (Sec. 18-22. Penalty) for the violation of Roselle Ordinance (Sec. 18-17. Deposits on sidewalks), whereas the fencing remained in place to block the access to the sidewalk after the promised completion timeframe. This is to help offset the emotional aggravation of disrespect to pedestrians including the Plaintiff, time and effort spent to navigate around the inaccessible worksite, time spent taking pictures for evidence and later documentation of them, and the fact of exposing the Plaintiff to very unsafe conditions.

4: Present an appropriate written public apology to the Plaintiff and residents of the Village Of Roselle Illinois for the improper worksite, unneccessary delays, and greatly extended sidewalk blockage.

Restitution from Village Of Roselle Illinois:

1: Present an appropriate written public apology to the Plaintiff and residents of the Village Of Roselle Illinois for the improper handling of the violation of city Ordinances and the failure to enforce the ordinances or charge penalty so that the project would have been possibly been completed in a reasonable timeframe with ADA compliant alternate access during the project.

2: Pay to the Plaintiff $25 per day from December 10 2021 to the latter date of January 7 2021 or the date of sidewalk access restoration. This is a greatly reduced value of the limit of $500 per day penalty allowed by the Roselle Ordinance (Sec. 18-22. Penalty) for the violation of Roselle Ordinance (Sec. 18-17. Deposits on sidewalks), whereas the fencing remained in place to block the access to the sidewalk after the promised completion timeframe. This is to help offset the emotional aggravation of disrespect to pedestrians including the Plaintiff, time and effort spent to navigate around the inaccessible worksite, time spent taking pictures for evidence and later documentation of them, and the fact of exposing the Plaintiff to very unsafe conditions.

3: Demand that the Village Of Roselle Illinois IMMEDIATELY start solid communication of "proper" construction techniques with businesses and ALL construction companies who work within the Roselle city limits and insure that adequate alternate accessible routes and a 'reasonable' timeframe for ALL projects exist BEFORE project approval. And ENFORCE current ordinances with the required penalty for those who do not comply with these instructions.


Roselle Code Of Ordinances:

Sec. 18-17. Deposits on sidewalks:

  (a) It shall be unlawful to deposit on any public sidewalk any material which may be harmful to the pavement thereof, any snow, ice, dirt, or any material which would obstruct clear passage, any waste material, or any glass or other articles which might cause injury to persons, animals, or property.

  (b) Merchandise or other articles may be deposited on sidewalks preparatory to delivery, provided that the usable width of the sidewalk is not thereby reduced to less than four (4) feet; and provided that no such article shall remain on such walk for more than one-half (½) hour.

Sec. 18-22. Penalty:

   Any person, firm or corporation who violates, disobeys, omits, neglects or refuses to comply with or who resists the enforcement of any of the provisions of this article shall, upon conviction, be deemed guilty of a misdemeanor punishable by a fine of not more than five hundred dollars ($500.00) for each offense and may be committed to the county jail or to any place provided by ordinance for the incarceration of offenders until the fine, penalty and costs are fully paid. No imprisonment, however, shall exceed six (6) months for any one offense. Each day that a violation is permitted to exist shall constitute a separate offense.

14. Plaintiff also claims violation of rights that may be protected by the laws of Illinois, such as false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, and/or any other claim that may be supported by the allegations of this complaint.

**WHEREFORE,** plaintiff asks for the following relief:

A. Damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by defendant;

B. ☒ *(Place X in box if you are seeking punitive damages.)* Punitive damages against the individual defendant; and

C. Such injunctive, declaratory, or other relief as may be appropriate, including attorney's fees and reasonable expenses as authorized by 42 U.S.C. § 1988.

Plaintiff's signature: _____ʼ ʼ ʼ_____

Plaintiff's name *(print clearly or type)*: TERRY L ERICKSON

Plaintiff's mailing address: 765 E IRVING PARK ROAD APT A

City ROSELLE  State ILLINOIS  ZIP 60172

Plaintiff's telephone number: (847) 284 2196.

Plaintiff's email address *(if you prefer to be contacted by email)*:

TERRY @ TERRYERICKSON.ORG

15. Plaintiff has previously filed a case in this district. ☐ Yes ☒ No

   *If yes, please list the cases below.*

*Any additional plaintiffs must sign the complaint and provide the same information as the first plaintiff. An additional signature page may be added.*

5
















